UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MAMADOU JOBE, <br> Petitioner | CIVIL ACTION NO. 1:18-CV-1248-P |
| VERSUS | JUDGE DEE D. DRELL |
| JEFFERSON SESSIONS, <br> Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a motion for summary judgment filed by pro se Petitioner Mamadou Jobe ("Jobe") (A#088057445). Jobe is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana. Jobe filed a petition for writ of habeas corpus (28 U.S.C. § 2241) challenging his continued detention pending removal under Zadvydas v. Davis, 533 U.S. 678 (2001).

Because Jobe has not shown that there is no genuine dispute as to any material fact and that Jobe is entitled to judgment as a matter of law, Jobe's motion for summary judgment (Doc. 8) is DENIED.

I. **Background**

Jobe is a native and citizen of Senegal. (Doc. 1-2, p. 2). Jobe was ordered removed on March 20, 2014. (Doc. 1-2, p. 2). He was placed on supervision and released. (Doc. 1-2, p. 2). Jobe was arrested by ICE on December 14, 2017 and has remained in custody since that date. (Doc. 1-2, p. 2). Jobe alleges his continued

detention under Zadvydas is unlawful because he has been in custody for more than six months, and there is no significant likelihood of removal in the reasonably foreseeable future.

The Court ordered service of process of Jobe's petition. (Doc. 3). The warden was served on October 12, 2018; the United States Attorney General was served on November 5, 2018; and the District Director of ICE was served on November 5, 2018. (Docs. 4-7).

As of the date of Jobe's motion, the Government had not responded to the petition. The Government was shut down from December 22, 2018 through January 25, 2019. The Government has since filed a response to Jobe's petition. (Doc. 9).

II. Law and Analysis

Jobe moves for summary judgment based on the Government's failure to respond to his petition. (Doc. 8). Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The moving party bears the initial burden of showing that there is no genuine issue for trial." Nat'l Ass'n of Gov't Emps., 40 F.3d 698, 712 (5th Cir. 1994). Jobe has not identified any undisputed facts or shown that he is entitled to judgment as a matter of law.

### III. Conclusion

Because Jobe has not shown that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law, IT IS ORDERED that Jobe's motion for summary judgment (Doc. 8) is DENIED.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  1st  day of February, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge