UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MAMADOU JOBE, Petitioner | CIVIL DOCKET NO. 1:18-CV-1248-P |
| VERSUS | JUDGE DRELL |
| WILLIAM BARR[1], Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Mamadou Jobe ("Jobe") (A#088057445), and a Motion to Dismiss filed by the Government. (Docs. 1, 16). At the time of filing, Jobe was an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"), detained at the LaSalle Detention Center in Jena, Louisiana. Jobe was subsequently transferred to the Etowah County Jail in Gadsden, Alabama. Jobe challenges his continued detention pending removal under Zadvydas v. Davis, 533 U.S. 678 (2001).

Because Jobe has been released from detention, the Motion to Dismiss (Doc. 16) should be GRANTED.

---

[1] Jobe originally designated former United States Attorney General Jeff Sessions as Respondent. The Court automatically substitutes his successor, William Barr, pursuant to Fed. R. Civ. P. 25(d).

I.      Background

Jobe is a native and citizen of Senegal who entered the United States on an unknown date and time. (Doc. 9, p. 1). Jobe was ordered removed on November 10, 2011. (Doc. 9-2, p. 1). According to the Government, the Board of Immigration Appeals dismissed Jobe's appeal on March 20, 2014. (Doc. 9, p. 1). He was placed on supervision and released. (Doc. 1-2, p. 2). Jobe was arrested by ICE on December 14, 2017, and has remained in custody since that date. (Doc. 1-2, p. 2). A request for a travel document was submitted to the Consulate General of the Republic of Senegal on January 19, 2018. (Doc. 9, p. 1; Doc. 9-1, p. 1).

On March 5, 2018, ICE issued a "Decision to Continue Detention," claiming that Jobe's removal was "expected in the reasonably foreseeable future." (Doc. 9-3, p. 1). On June 28, 2018, ICE issued another "Decision to Continue Detention," indicating that it was "currently working with the Government of Senegal to secure a travel document." (Doc. 9-4, p. 1). Because a travel document was "expected," Jobe was ordered to remain in custody. (Doc. 9-4, p. 1). ICE provided the same reasons to continue detention in decisions dated October 9, 2018 and January 11, 2019. (Docs. 9-5, 9-6). Only the March 5, 2018 decision indicates that Jobe's removal was expected in the "reasonably foreseeable future." (Doc. 9-3, p. 1). Over 16 months have passed since that decision was issued.

According to the Government's Motion to Dismiss (Doc. 16), Jobe has been released pending his removal under an order of supervision.

II. Law and Analysis

The Government argues that the § 2241 Petition is moot because Jobe has been released on supervision, which is all of the relief that he requested. (Doc. 16).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. Therefore, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id.

Although the Fifth Circuit Court of Appeals has not specifically considered whether a Zadvydas challenge to continued detention by an alien under a final order of removal is mooted by the alien's subsequent release on supervision, other circuits have so found. See Dien Thanh Ngo v. Johnson, 3:19-CV-976, 2019 WL 3468909, at *2 (N.D. Tex. July 17, 2019), report and recommendation adopted, 2019 WL 3459817 (N.D. Tex. July 31, 2019) (citing Riley v. I.N.S., 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that petitioner's release from detention under an order of supervision mooted his challenge to the legality of his extended detention); Nunes v. Decker, 480 F. App'x

3

173, 174–75 (3rd Cir. 2012) (finding appeal moot where the petitioner's release during its pendency provided him the result he sought in his habeas petition and "forestalled any occasion for meaningful relief"); Alvarez v. Conley, 145 F. App'x 428, 429 (4th Cir. 2005) (concluding that the petitioner's release rendered moot his appeal since his § 2241 petition only sought release from detention under Zadvydas)). District courts in this circuit have likewise found that release on supervision moots a § 2241 petition challenging continued detention pending removal where release from custody was the only relief sought. See Dien Thanh Ngo, 2019 WL 3468909, at *2; Chen v. Cole, 1:16-CV-0025, 2016 WL 7670691, at *1 (W.D. La. Aug. 23, 2016), report and recommendation adopted, 2017 WL 89483 (W.D. La. Jan. 9, 2017); Jeune v. Smith, 11-CV-0903, 2012 WL 827004, at *1 (W.D. La. Jan. 18, 2012), report and recommendation adopted, 2012 WL 826985 (W.D. La. Mar. 7, 2012); Singh v. Mukasey, No. 3:08-CV-2162, 2009 WL 1097255, at *1 (N.D. Tex. Apr. 22, 2009).

Jobe requested a release from custody, and the Government has presented evidence showing that Jobe has been released under an order of supervision. (Doc. 16-2). Thus, the § 2241 Petition is moot. If a controversy is moot, the forum court lacks subject matter jurisdiction. Carr v. Saucier, 582 F.2d 14, 16 (5th Cir. 1978) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971); Locke v. Board of Public Instruction, 499 F.2d 359, 363-364 (5th Cir. 1974)).

III. <u>Conclusion</u>

Because Jobe has obtained the relief sought in his Petition, IT IS RECOMMENDED that the Motion to Dismiss (Doc. 16) be GRANTED and Jobe's Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED for lack of subject matter jurisdiction, WITH PREJUDICE as to the jurisdictional issue and WITHOUT PREJUDICE as to the merits of Jobe's claim.[2]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall

---

[2] <u>Pack v. Yusuff</u>, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); <u>Reed v. Young</u>, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __3rd__ day of September 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE